# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

G.M. SIGN INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,

        Plaintiff,

v.

STEALTH SECURITY SYSTEMS, INC.,

        Defendants.

No. 14 C 09249

Judge John J. Tharp, Jr.

## MEMORANDUM OPINION AND ORDER

Plaintiff G.M. Sign, Inc. ("G.M.") brings this two-count Complaint on behalf of a nationwide class of all persons who, on or after January 4, 2003 (for Count I) or January 4, 2002 (for Count II), received telephone facsimile messages "advertising the commercial availability of any property, goods, or services by or on behalf of Defendant" Stealth Security Systems, Inc. ("Stealth"), with respect to whom Stealth cannot prove prior permission to receive such faxes. Compl. ¶¶ 18, 37. G.M. alleges breach of the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act ("JFPA"), 47 U.S.C. § 227, and an Illinois state-law claim of conversion. Stealth brings this motion to dismiss. Dkt. 15. For the following reasons, the motion is denied.

## BACKGROUND[1]

On or about October 17, 2006, Stealth transmitted by telephone facsimile, *i.e.* "faxed," an unsolicited advertisement to G.M.'s facsimile machine. Compl. ¶ 10, Dkt. 1. The fax is an advertisement to purchase Stealth's security services. *See id*. Ex. A. Printed in small font at the bottom of the single-page fax is the statement, "To be removed from our list immediately go to www.removemyfaxnumber.com . . . To be removed from our list within 30 days write your 10-digit fax number on this fax and fax this document back . . . ." *Id*. G.M. had not given Stealth permission to send the fax. Compl. ¶ 13.

G.M. filed suit on November 18, 2014 on behalf of a nationwide class of recipients of Stealth's faxes under the TCPA and for conversion, alleging that Stealth violated the TCPA by sending unsolicited faxes and/or failed to comply with the Opt-Out Requirements of the JFPA and that Stealth unlawfully converted its fax machines, toner, paper, and employees' time. *Id*. ¶¶ 30, 41. G.M. purports to bring these claims on behalf of the following class:

> All persons who (1) on or after January 4, 2003, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) which [sic] respect to whom Defendant cannot prove evidence of prior express permission or invitation for the sending of such faxes.

Compl. ¶ 18.

## DISCUSSION

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir.

---

[1] The facts are taken from G.M.'s Complaint, Dkt. 1, and are taken as true for the purposes of the motion to dismiss. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir.) *cert. denied*, 135 S. Ct. 286 (2014) ("Factual allegations are accepted as true at the pleading stage . . . .").

2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although a court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations merely restating the elements of a cause of action do not receive this presumption: "A complaint must allege *facts* to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams*, 742 F.3d at 728 (emphasis added).

I. **Statute of Limitations**

Stealth argues that both of G.M.'s claims are barred by the relevant statute of limitations. The statute of limitations for a TCPA claim is four years, 28 U.S.C. § 1658, and the statute of limitations for an Illinois common law conversion claim is five years, 735 ILCS 5/13-205. G.M. received the fax from Stealth on or about October 17, 2006 and filed this lawsuit on November 18, 2014, over eight years later. Stealth's opening brief suggests, therefore, that the complaint is "indisputably" time-barred—but not so fast. On January 4, 2007, a company called Wellington Homes filed a class action Complaint against Stealth in the Circuit Court of Lake County ("the Wellington action"), alleging violations of the TCPA and the Illinois Consumer Fraud and Deceptive Business Practices Act and conversion. *See* Resp. Ex. 2, Dkt. 24. Wellington proposed to represent a class of:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

3

*Id*. ¶ 16. After years of discovery, G.M. moved to intervene as lead plaintiff in the Wellington action on August 19, 2014. Resp. at 3, Ex. D. The court denied G.M.'s motion to intervene on October 23, 2014 (without an opinion), and the next day, G.M. filed a separate action, identical to the action it has brought against Stealth in this Court, in the Circuit Court of Lake County. *See* Mem. in Supp. at 2, Dkt. 16. G.M. then initiated this lawsuit on November 18, 2014, and both Wellington and G.M. voluntarily dismissed the Lake County cases without prejudice on December 11, 2014. *See* Resp. at 3, Exs. E, F; Mem. in Supp. at 2, Ex. 2. No rulings were made with respect to class certification in either Lake County case. Resp. at 5, Ex. F.

Stealth's opening brief fails to address (or even mention) the state class action litigation in which it had been engaged since January 4, 2007, and consequently failed to cite or discuss *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the Supreme Court's seminal precedent on class action tolling. In *American Pipe,* the Supreme Court held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. G.M. did not omit consideration of *American Pipe* from its response, however, noting that the Seventh Circuit specifically applied this class action tolling principle in a TCPA context in *Sawyer v. Atlas Heating & Sheet Metal Works, Inc.*, 642 F.3d 560 (7th Cir. 2011), where the court explained that "[t]olling lasts from the day a class claim is asserted until the day the suit is conclusively not a class action—which may be because the judge rules adversely to the plaintiff, or because the plaintiff reads the handwriting on the wall and decides" to voluntarily dismiss. *Id*. at 563. Accordingly, G.M. maintains that its claims were tolled with the filing of the Wellington action some 81 days after the fax at issue was sent and therefore its filing in this case is timely.

In its reply, Stealth argues that G.M. was never a member of the class in the Wellington action, so the statute of limitations was not tolled. Reply at 2. Stealth cites the difference in language on the bottom of the faxes attached to the Wellington Complaint and attached to G.M.'s Complaint, *id*. Exs. A, B, and that the named plaintiff in the Wellington action received its fax in February 2006 whereas G.M. received its fax in October 2006. Reply at 2. Stealth's assertion that because G.M. was not a member of the class, the *Saywer* and *American Pipe* cases are inapposite is a nonstarter. The classes alleged in the two suits are identical and include anyone who received unsolicited faxes advertising Stealth's services over the course of the same four-year period. The differing language on the faxes and differing date of receipt between the named plaintiffs does not affect tolling; the initial suit tolls the statute of limitations for "all asserted members *who would have been* parties" to that action. *American Pipe*, 414 U.S. 554 (emphasis added). The proposed class in Wellington was not limited by the specific language of the fax or a narrow time frame of receipt. Rather, the proposed class included all persons who received a faxed advertisement from Stealth within the four years prior to the filing of the suit. *See* Resp. Ex. 2, ¶ 16. Thus, G.M. was included in the proposed class in the Wellington action, and its claims were tolled from the filing of that lawsuit on January 4, 2007 through its dismissal in December 2014. Because G.M. initiated this lawsuit in November 2014 prior to dismissal of the Wellington action, the claims it asserts in this case are timely. The motion to dismiss based on the statute of limitations is, therefore, denied.

## II. Conversion

With respect to the conversion claim, Stealth points to the split in the Northern District of Illinois regarding conversion claims for junk faxes, *compare R. Rudnick v. G.F. Protection*, 2009 WL 112380, at *3-4 (N.D. Ill. 2009) (permitting conversion claim for junk fax despite minimal

5

loss due to "complete interference" with the chattel), *with Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 613 (N.D. Ill. 2009) (dismissing junk fax conversion claim because plaintiff's damages "are minuscule to the point of nonexistent"), and asks the Court to find that, under the doctrine of *de minimis non curat lex* ("the law does not concern itself with trifles"), G.M.'s harm is too trivial to permit a claim for conversion. Reply at 3-4.

Stealth cites Section 222A of the Restatement (Second) of Torts, which Illinois follows for conversion claims. *See In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985) (quoting Restatement (Second) of Torts § 222A (1965)). According to § 222A of the Restatement, "Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." This is of no help to Stealth, because it focuses the question of conversion on the degree of control exercised rather than on the value of the property converted. As explained in *R. Rudnick*,

> Section 222A is referring to the *degree* of loss of the use of the chattel, not to the chattel's value. *Id*. ("...*so seriously interferes with the right of another to control it* that the actor may justly be required to pay the other *the full value of the chattel.*" *Id.* (emphasis added). Section 222A does not require that the chattel have some minimal value, but only that a conversion claim requires such complete interference that *full compensation* for the chattel is required. This is made clear in comment c of Section 222A, where the commentators distinguish between trespass to chattels (which permits damages only in the amount of the diminished value to the chattel) and conversion of chattels (which requires full compensation for the chattel converted).

2009 WL 112380, at *3 (emphasis in original). Here, there was complete conversion of the property at issue—the paper and ink fully and completely transformed from unused office supplies in G.M.'s supply closet to a printed and delivered advertising for Stealth's services, so Stealth's reliance on Section 222A appears quite misplaced. And although G.M., individually,

6

has suffered minimal financial injury due to the conversion, Illinois courts permit nominal damages in conversion actions.² *Id.* at *4 (citing *Ind. Hi–Rail Corp. v. Decatur Junction,* 37 F.3d 363, 366 (7th Cir. 1994)). Thus, G.M. has adequately stated a claim for conversion upon which relief can be granted. The motion to dismiss on this basis is denied as well.

Dated: December 21, 2015

John J. Tharp, Jr.
United States District Judge

---

² A number of courts on the "*de minimis* requires dismissal" side of the conversion split have reasoned that nominal damages are an insufficient basis upon which to permit a conversion claim to proceed. *See, e.g.*, *G.M. Sign, Inc. v. Elm St. Chiropractic, Ltd.*, 871 F. Supp. 2d 763, 769 (N.D. Ill. 2012) ("[T]here is a critical distinction between the concept of nominal damages and the doctrine of *de minimis non curat lex*. An award of nominal damages presupposes a violation of sufficient gravity to merit a judgment, even if significant damages cannot be proved." (internal quotations omitted)). Black's Law Dictionary, however, defines "nominal damages" as a "trifling sum awarded when a legal injury is suffered but there is no substantial loss or injury to be compensated." Nominal Damages, Black's Law Dictionary (10th ed. 2014). That is exactly the case here; thus, the provision of nominal damages is a permissible basis upon which G.M.'s individual conversion claim may proceed.