**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,   ) ) ) | |
|        ) | Civil Action No. 14-cv-9249 |
|        Plaintiff,   ) ) | Judge John J. Tharp, Jr. |
|       v.    ) ) | Magistrate Judge |
| STEALTH SECURITY SYSTEMS, INC.,   ) ) | Geraldine Soat Brown |
|        Defendant.   ) | |

**STEALTH SECURITY SYSTEMS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant, Stealth Security Systems, Inc., by its attorney, Jason E. Hunter of

Litchfield Cavo, LLP, and for its Answer and Affirmative Defenses to Plaintiff's Class

Action Complaint, states as follows:

**PRELIMINARY STATEMENT**

1.    This case challenges Defendant's practice of sending unsolicited
facsimiles.

**ANSWER:**   The allegations of Paragraph 1 contain no allegations of fact and contain

legal conclusions to which no answer is required.  To the extent an answer is required,

all allegations of Paragraph 1 are denied.

2.    The federal Telephone Consumer Protection Act of 1991, as amended by
the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the
regulations promulgated under the Act, prohibit a person or entity from faxing or having
an agent fax advertisements without the recipient's prior express invitation or
permission.  The JFPA provides a private right of action and provides statutory
damages of $500 per violation.  Upon information and belief, Defendant has sent
facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in
violation of the JFPA, including, but not limited to, the facsimile transmission of an
unsolicited advertisement on or about October 16, 2006 ("the Fax"), a true and correct
copy of which is attached hereto as Exhibit A, and made a part hereof.  The Fax

describes the commercial availability of Defendant's goods and services. Plaintiff is informed and believes, and upon information and belief avers, that Defendant has sent unsolicited advertisements via facsimile transmission in violation of the JFPA.

**ANSWER:** The allegations of Sentences 1, 2 and 5 of Paragraph 2 contain no allegations of fact and contain legal conclusions to which no answer is required. To the extent an answer is required, all allegations in Sentences 1, 2 and 5 of Paragraph 2 are denied. Defendant admits that it hired a third-party vendor to advertise for Defendant's security business. Defendant denies the remaining allegations in Sentences 3 and 4 of Paragraph 2.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:** The allegations of Paragraph 3 contain no allegations of fact and contain legal conclusions to which no answer is required. To the extent an answer is required, all allegations in Paragraph 3 are denied.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA and the common law of conversion.

**ANSWER:** The allegations of Paragraph 4 contain no allegations of fact and contain legal conclusions to which no answer is required. To the extent an answer is required, all allegations in Paragraph 4 are denied.

5. Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all

2

persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

**ANSWER:** Defendant denies each and every allegation contained in Sentence 1 of Paragraph 5. The allegations of Sentences 2 and 3 of Paragraph 5 contain no allegations of fact and contain legal conclusions to which no answer is required. To the extent an answer is required, all allegations in Sentences 2 and 3 of Paragraph 5 are denied.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

**ANSWER:** The allegations of Paragraph 6 contain no allegations of fact and contain legal conclusions to which no answer is required. To the extent an answer is required, all allegations in Paragraph 6 are denied.

7. This court has personal jurisdiction over Defendant because Defendant transacts business within this judicial district, has made contacts within this judicial district, and/or has committed tortious acts within this judicial district.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 7.

## PARTIES

8. Plaintiff is an Illinois corporation that does business within the northern District of Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 8.

9. On information and belief, Defendant, STEALTH SECURITY SYSTEMS, INC., was at all relevant times, an Illinois corporation with its principal place of business in Lakewood, IL.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 9.

## FACTS

10.     On or about October 17, 2006, Defendant transmitted by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine.  A copy of the facsimile is attached hereto and marked as Exhibit A.

**ANSWER:**     Defendant admits that it hired a third-party vendor to advertise for

Defendant's security business.     Defendant denies the remaining allegations in

Paragraph 10.

11.     Defendant created or made Exhibit A which Defendant knew or should have known is a good or product which Defendant intended and did in fact distribute to Plaintiff and the other members of the class.

**ANSWER:**     Defendant denies each and every allegation contained in Paragraph 11.

12.     Exhibit A is a part of Defendant's work or operations to market Defendant's goods or services which was performed by and on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with work or operations.

**ANSWER:**     Defendant denies each and every allegation contained in Paragraph 12.

13.     Plaintiff had not invited or given permission to Defendant to send the fax.

**ANSWER:**     Defendant denies each and every allegation contained in Paragraph 13.

14.     On information and belief, Defendant faxed the same and other unsolicited facsimiles without the required opt out language to Plaintiff and more than 25 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:**     Defendant denies each and every allegation contained in Paragraph 14.

15.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in Paragraph 15.  To the extent an

answer is required, all allegations in Paragraph 15 are denied.

16.     Defendant's facsimile did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200.

4

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 16.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

17. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 16, as though fully set forth therein, as and for its answer to Paragraph 17.

18. In accordance with F. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after January 4, 2003, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) which respect to whom Defendant cannot prove evidence of prior express permission or invitation for the sending of such faxes.

Excluded from the Class are the Defendant, its employees, agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

**ANSWER:** The allegations of Paragraph 18 contain no allegations of fact and contain legal conclusions to which no answer is required. To the extent an answer is required, all allegations in Paragraph 18 are denied.

19. Class Size (F. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 19.

20. Commonality (F. R. Civ. P. 23 (a)(2)): Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

a) Whether the Defendant sent unsolicited fax advertisements;

5

b)      Whether the Defendant's faxes advertised the commercial availability of property, goods, or services;

c)      The manner and method the Defendant used to compile or obtain the list of fax numbers to which they sent Exhibit A and other unsolicited faxed advertisements;

d)      Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

e)      Whether the Defendant sent the faxed advertisements knowingly;

f)      Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

g)      Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

h)      Whether the Defendant should be enjoined from faxing advertisements in the future;

i)      Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

j)      Whether the Court should award treble damages.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 20, including subparagraphs (a) through (j).

21.    Typicality (F. R. Civ. P. 23(a)(3)): The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the same faxes as the faxes sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted in the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same faxes.

**ANSWER:**    The allegations in Sentences 1 and 3 of Paragraph 21 contain no allegations of fact and contain mere conclusions to which no answer is required. To the extent an answer is required, all allegations in Sentences 1 and 3 of Paragraph 21 are

denied.  Defendant denies the allegations contained in Sentences 2 and 4 of Paragraph

21.

22.    Fair and Adequate Representation (F. R. Civ. P. (a)(4)):  The Plaintiff will
fairly and adequately represent and protest the interests of the class.  It is interested in
this matter, has no conflicts and has retained experienced class counsel to represent
the class.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief as

to the truth or falsity of the allegations contained in Paragraph 22.  To the extent an

answer is required, all allegations in Paragraph 22 are denied.

23.    Need for Consistent Standards and Practical Effect of Adjudication (F. R.
Civ. P. 23(b)(1)):  Class certification is appropriate because the prosecution of individual
actions by class members would:  (a) create the risk of inconsistent adjudications that
could establish incompatible standards of conduct for the Defendant, and/or (b) as a
practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of
class members who are not parties.

**ANSWER:**    The allegations of Paragraph 23 contain no allegations of fact and contain

legal conclusions to which no answer is required.  To the extent an answer is required,

all allegations in Paragraph 23 are denied.

24.    Common Conduct (F. R. Civ. P. 23 (b)(2)):  Class certification is also
appropriate because the Defendant has acted and refused to act in the same or similar
manner with respect to all class members thereby making injunctive and declaratory
relief appropriate.  The Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

**ANSWER:**    The allegations of Paragraph 24 contain no allegations of fact and contain

legal conclusions to which no answer is required.  To the extent an answer is required,

all allegations in Paragraph 24 are denied.

25.    Predominance and Superiority (F. R. Civ. P. 23(b)(3)):    Common
questions of law and fact predominate over any questions affecting only individual
members, and a class action is superior to other methods for the fair and efficient
adjudication of the controversy because:

     a)    Proof of the claims of the Plaintiff will also prove the claims of the
class without the need for separate or individualized proceedings;

b) Evidence regarding defenses or any exceptions to liability that the Defendant may assert and attempt to prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

c) The Defendant has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

d) The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common poofs; and

e) This case is inherently manageable as a class action in that:

(i) The Defendant identified persons or entities to receive the fax transmissions and it is believed that the Defendant's computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii) Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning the Defendant' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**ANSWER:** The allegations of Paragraph 25, including subparagraphs (a) through (e), contain no allegations of fact and contain legal conclusions to which no answer is required. To the extent an answer is required, all allegations in Paragraph 25 are denied.

**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.***

26.　The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …." 47 U.S.C. § 227 (a)(5).

**ANSWER:**　The allegations of Paragraph 26 contain no allegations of fact and contain

legal conclusions to which no answer is required. To the extent an answer is required,

all allegations in Paragraph 26 are denied.

27.　The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

**ANSWER:**　The allegations of Paragraph 27 contain no allegations of fact and contain

legal conclusions to which no answer is required. To the extent an answer is required,

all allegations in Paragraph 27 are denied.

28.　**Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

　　　1.　a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

　　　2.　a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

　　　3.　a statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated form § (b)(D)(ii) of the Act and the rules and

regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(e) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

**ANSWER:** The allegations of Paragraph 28, including subparagraphs (1) through (3),

contain no allegations of fact and contain legal conclusions to which no answer is

required. To the extent an answer is required, all allegations in Paragraph 28 are

denied.

29. **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out notice Requirement's and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A. The definition of, and there requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that he lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (B)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

B. The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

C. The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-31);

D. The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior

Case: 1:14-cv-09249 Document #: 36 Filed: 01/19/16 Page 11 of 19 PageID #:309

express permission or invitation" to receive the sender's fax (*See* Report and Order ¶ 48);

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express permission or invitation" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

**ANSWER:** The allegations of Paragraph 29, including subparagraphs (A) through (D),

contain no allegations of fact and contain legal conclusions to which no answer is

required. To the extent an answer is required, all allegations in Paragraph 29 are

denied.

30. **The Fax.** Defendant sent the [sic] on or about October 17, 2006, advertisement [sic] via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Notice Requirements in connection with the Fax. The Fax was transmitted to persons or entities without their prior express permission or invitation and/or Defendant is precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class.

**ANSWER:** Defendant admits that it hired a third-party vendor to advertise for

Defendant's security business. Defendant denies the remaining allegations in

Sentences 1 through 4 of Paragraph 30. The allegations of Sentence 5 of Paragraph

30 contain no allegations of fact and contain mere conclusions to which no answer is

required. To the extent an answer is required, all allegations in Sentence 5 of

Paragraph 30 are denied.

31. **Defendant' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendant have sent via facsimile transmission from telephone facsimile machines computers, or other devices to

11

telephone facsimile machines of members of the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to persons or entities without their prior express permission or invitation (and/or that Defendant are precluded from asserting any prior express permission or invitation because of the failure to comply with the Opt-Out Notice Requirement's in connection with such transmissions).  By virtue thereof, Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant may be continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 31.

32.    The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for statutory damages.  47 U.S.C. § 227(b)(3).  The Act also provides that injunctive relief is appropriate.  *Id.*

**ANSWER:**    The allegations of Paragraph 32 contain no allegations of fact and contain

legal conclusions to which no answer is required.  To the extent an answer is required,

all allegations in Paragraph 32 are denied.

33.    The JFPA is a strict liability statute, so the Defendant is liable to the Plaintiff and the other class members even if their actions were only negligent.

**ANSWER:**    The allegations of Paragraph 33 contain no allegations of fact and contain

legal conclusions to which no answer is required.  To the extent an answer is required,

all allegations in Paragraph 33 are denied.

34.    The Defendant knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendant or anybody else to fax advertisements about the Defendant's goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendant transmitted advertisements; (d) the Faxes did not contain the required Opt-Out Notice; and (e) Defendant's transmission of advertisements that did not contain the required opt-out notice was unlawful.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 34.

35.    The Defendant's actions caused damages to the Plaintiff and the other class members.  Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendant's faxes.  Moreover, the

12

Defendant's faxes used the Plaintiff's and the other class members' telephone lines and fax machine. The Defendant's faxes cost the Plaintiff and the other class members time, as the Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes. That time otherwise would have been spent on the Plaintiff's and the other class members' business activities. The Defendant's faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Defendant's advertisements occurred outside of Defendant's premises.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 35.

WHEREFORE, Defendant, Stealth Security Systems, Inc., prays that this Court dismiss Plaintiff's Class Action Complaint with prejudice and enter judgment in its favor and against Plaintiff.

## COUNT II
## CONVERSION

36. Plaintiff incorporates paragraphs 1 through 16 as though fully set forth herein.

**ANSWER:** Defendant incorporates its answers to Paragraphs 1 through 16, as though fully set forth therein, as and for its answer to Paragraph 36.

37. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who (1) on or after January 4, 2002, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes.

**ANSWER:** The allegations of Paragraph 37 contain no allegations of fact and contain legal conclusions to which no answer is required. To the extent an answer is required, all allegations in Paragraph 37 are denied.

38. A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable;

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)     The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)     Whether Defendant committed the tort of conversion.

**ANSWER:**     The allegations of Paragraph 38, including subparagraphs (a) and (b), contain no allegations of fact and contain legal conclusions to which no answer is required.  To the extent an answer is required, all allegations in Paragraph 38 are denied.

39.     Plaintiff will fairly and adequately protect the interests of the other class members.  Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices.  Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39.  To the extent an answer is required, all allegations in Paragraph 39 are denied.

40.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**     Defendant denies each and every allegation contained in Paragraph 40.

41.     By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use.  Defendant also converted Plaintiff's employees' time to Defendant's own use.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 41.

42. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

**ANSWER:** The allegations of Paragraph 42 contain no allegations of fact and contain

mere conclusions to which no answer is required. To the extent an answer is required,

all allegations of Paragraph 42 are denied.

43. By sending unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

**ANSWER:** Defendant denies each and every allegation of Paragraph 43.

44. Defendant knew or should have known that its misappropriation of paper,

toner, and employee time was wrongful and without authorization.


**ANSWER:** Defendant denies each and every allegation of Paragraph 44.

45. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 45.

46. Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

**ANSWER:** Defendant denies each and every allegation contained in Paragraph 46.

47. Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving,

routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

**ANSWER:**    Defendant denies each and every allegation contained in Paragraph 47.

WHEREFORE, Defendant, Stealth Security Systems, Inc., prays that this Court dismiss Plaintiff's Class Action Complaint with prejudice and enter judgment in its favor and against Plaintiff.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

One or more of the Counts contained in Plaintiff's Class Action Complaint fail to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff gave express consent or Defendant reasonably concluded that it had express consent from Plaintiff to make such calls.

**THIRD AFFIRMATIVE DEFENSE**

Any violation that may have occurred in this case, or any loss, injury, damage or detriment suffered by Plaintiff, was directly and proximately caused and/or contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence and/or intentional misconduct of third parties, and not by Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed, refused and/or neglected to take reasonable steps to mitigate its alleged damages, if any, thus barring or diminishing any recovery for any alleged violations of the law, which Defendant denies occurred.

**FIFTH AFFIRMATIVE DEFENSE**

16

Plaintiff's proposed class definition fails to comply with Federal Rule of Civil Procedure 23, and this action is not otherwise proper for class action certification.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not a proper class representative for the proposed classes on whose behalf it purports to bring its class claims.

## SEVENTH AFFIRMATIVE DEFENSE

While Defendant denies that it faxed Plaintiff in violation of the TCPA, and while Defendant further denies that it carries the burden of establishing prior express consent under the TCPA, 47 U.S.C. § 227(b)(1)(A), out of an abundance of caution, Defendant asserts that Plaintiff provided prior express consent to any complained-of facsimiles, as did the proposed class members.

## EIGHTH AFFIRMATIVE DEFENSE

While Defendant denies that it has any liability under the TCPA, Defendant asserts that it did not willfully violate the TCPA, and any violations that may have occurred, and which Defendant denies, were unintentional.

## NINTH AFFIRMATIVE DEFENSE

If, for the sake of argument, a TCPA class was certified and the class contained several thousand people, Defendant's liability to the class could potentially be so great as to result in its insolvency.  The due process clause of the Fifth Amendment to the U.S. Constitution prohibits an award of damages that would result in Defendant's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to Plaintiff or class members.

## TENTH AFFIRMATIVE DEFENSE

17

Defendant states that additional affirmative defenses may exist as to individual class members in the event a class is certified. Defendant reserves the right to amend its Affirmative Defenses to address those potential defenses.

WHEREFORE, Defendant, Stealth Security Systems, Inc., prays that this Court dismiss Plaintiff's Class Action Complaint with prejudice and enter judgment in its favor and against Plaintiff.

## **JURY DEMAND**

Defendant demands trial by jury.


Dated: January 19, 2016          STEALTH SECURITY SYSTEMS, INC.


By: /s/ Jason E. Hunter_____
     Jason E. Hunter
     LITCHFIELD CAVO LLP
     Its Attorneys


Mitchell H. Frazen
Jason E. Hunter
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3300
(312) 781-6587
hunter@litchfieldcavo.com
A.R.D.C. No. 6237345

## CERTIFICATE OF SERVICE

I, Jason E. Hunter, hereby certify that on January 19, 2016, I electronically filed the foregoing **Stealth Security Systems, Inc.'s Answer and Affirmative Defenses to Class Action Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Brian J. Wanca
> Ryan M. Kelly
> ANDERSON + WANCA
> 3701 Algonquin Road, Suite 760
> Rolling Meadows, Illinois 60008
>
> Christopher P.T. Tourek
> Tod A. Lewis
> Julia L. Titolo
> Bock & Hatch, LLC
> 134 North LaSalle Street, Suite 1000
> Chicago, Illinois 60602

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

> None.

> By:     s/Jason E. Hunter