IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G.M. SIGN, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No.: 14−cv−9249<br>) |
| v. | ) Honorable John J. Tharp, Jr.<br>) |
| STEALTH SECURITY SYSTEMS, INC., | )<br>) |
| Defendant. | ) |

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement coming before the Court for a fairness hearing on August 10, 2018, at 9:00 a.m., in Room 1419 of the Everett McKinley Dirksen Courthouse, at which all persons who appeared were given an opportunity to be heard, the Court considering the submissions of the parties, including Plaintiff's Brief in Support of Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms, **IT IS HEREBY ORDERED THAT:**

1. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out of the Class.

2. This Court has jurisdiction over plaintiff, G.M. Sign, Inc. ("Plaintiff"), the members of the Class, defendant Stealth Security Systems, Inc. ("Defendant"),

Scottsdale Insurance Company ("Scottsdale"), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, and that it was not collusive.

## Class Certification

4. On April 26, 2018, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Class Action Settlement and Class Notice" (the "Preliminary Approval Order").

5. As set forth in the Preliminary Approval Order, on August 8, 2017, the Court certified the following class: "All persons who were successfully sent a fax advertisement from March 2006 through October 2006 that advertised the security services of 'Security Alert,' 'specializing in all your security needs'" (the "Class"). In the Settlement Agreement, the parties agreed, solely for purposes of settlement, that this is a proper class definition. Excluded from the Class are: (1) Defendant, Scottsdale, any parent, subsidiary, affiliate, or controlled person of any Defendant or Scottsdale, as well as their attorneys, officers, directors, agents, servants, or employees, and the immediate family members of such persons; (2) the named counsel in this action and any employee of their office or firm; and (3) this Court and its staff.

6. The Court appointed Plaintiff as the Class Representative and appointed attorneys Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim LLC and

Brian J. Wanca of Anderson + Wanca as Class Counsel.

### Class Notice

7.     Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent and published to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent and published fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### Objections and Opt-Outs

8.     No members of the Class filed objections to the settlement.

9.     No members of the Class requested exclusion.

### Class Compensation

10.    On Defendant's behalf, Scottsdale has created a settlement fund totaling $900,000.00 (the "Settlement Fund") to pay class member claims, to pay the cost of settlement administration, to pay an incentive award to Plaintiff for serving as the Class Representative, and to pay Class Counsel's fees and reasonable out-of-pocket expenses.

11.    As the Parties agreed in the Settlement Agreement, each known member of the Class and all additional members of the Class who submitted timely valid claims will be paid an equal, per capita share of the Settlement Fund after deductions for the other payments awarded under this Order. The Settlement

Administrator will cause those checks to be mailed after receiving the funds from Scottsdale. Any money from uncashed checks shall be redistributed to class members who cashed their checks unless the cost of such a second distribution would exceed the money available, in which event the remainder will be paid as *cy pres* to a charity or charities approved by the Court.

### Awards of Incentive Award and Attorneys' Fees and Costs

12. The Court approves and awards $10,000.00 as an incentive award to named plaintiff G.M. Sign, Inc., for serving as the Class Representative in this matter.

13. Pursuant to the Parties' agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $300,000.00 (one third of the Settlement Fund) plus expenses, in the amount of $12,575.94. The Court further approves the $19,990.00 paid to the settlement administrator.

### Releases and Dismissal

14. All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the parties' Settlement Agreement.

15. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class (except that the dismissal is without prejudice as to those persons identified above who submitted valid exclusions from the Class), and without fees or costs except as provided above.

### Other Provisions

16. This Court retains continuing jurisdiction over this action, Plaintiff, all

members of the Class, Defendant, and Scottsdale to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, which constitutes and hereby is made a part of this Order (except as to the amount of the Incentive Award payable to the Plaintiff), including, but not limited to, their administration, implementation, interpretation, or enforcement.

17. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

18. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Entered: _____8/10/2018_____

_____
John J. Tharp, Jr.
United States District Judge